**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30035**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WAYLAN RUSSELL DAUZAT; JAMES EUGENE MCCOLLOUGH,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(95-CR-10021)
_____
December 11, 1997

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants James McCollough and Waylan Dauzat were convicted of conspiracy to commit mail fraud and twelve substantive counts of mail fraud. The defendants defrauded their insurance carriers by staging a fake automobile accident and then attempting to collect on various policies.

McCollough argues that the district court erred in denying his motion to dismiss based on his alleged incompetency.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McCollough and Dauzat argue that there was insufficient evidence to support their convictions.  We affirm.

## I. McCollough's Competency Claim

This court will not set aside a district court's determination of competency to stand trial unless it is clearly arbitrary or unwarranted.  *See United States v. Birdsell*, 775 F.2d 645, 648 (5th Cir. 1985).  While not undertaking *de novo* review, we must re-analyze the facts and take a "hard look" at the trial judge's ultimate conclusion because the question of competency is a mixed question of law and fact which has direct constitutional implications.  *See id.*  "The federal standard for determining competency to stand trial prohibits trial if the court finds, by a preponderance of the evidence, that 'the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'"  *Id.* (quoting 18 U.S.C. § 4241(d)).

McCollough complains that he was incompetent to stand trial because he allegedly sustained a head injury during the automobile accident that caused amnesia.  As a result of his amnesia, McCollough claims that he was unable to provide his trial counsel with any information regarding the automobile accident that

formed the basis of both his insurance claims and the government's claims of mail fraud.

After McCollough filed his motion for a judicial determination of his competency to stand trial, the district court held an extended hearing on his condition and ordered an independent psychiatrist, Dr. George Seiden, to examine McCollough. Based upon the hearing and the psychiatrist's examination, the district court denied McCollough's motion. Before trial, McCollough filed a motion to reconsider. The district court stated that he would carefully observe McCollough throughout the trial for signs of incompetency. After the close of the government's evidence, McCollough's motion was again denied.

After taking a "hard look" at the district court's ultimate conclusion that McCollough was competent to stand trial, we find that its determination was not clearly arbitrary or unwarranted. The district court afforded McCollough ample opportunity to make his incompetency claim, but ultimately was unconvinced that McCollough was unable to assist properly in his defense.

Finally, we note that McCollough asserted that he was asleep at the time of the accident. If McCollough was asleep, then his amnesia should have had little effect on his ability to assist his counsel in preparing for trial because he would have had no memory of the events immediately leading up to the accident even without amnesia.

**II. McCollough's and Dauzat's Sufficiency of the Evidence Claims**

When considering a challenge to the sufficiency of the evidence, we review the evidence and the inferences that may be drawn from it in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See United States v. Sneed*, 63 F.3d 381, 385 (5th Cir. 1995). The standard of review is the same regardless whether the evidence is direct or circumstantial. *See United States v. Burton*, 126 F.3d 666, 670 (5th Cir. 1997).

Conspiracy to commit mail fraud requires proof of three elements: (1) an agreement between two or more persons (2) to commit mail fraud, and (3) an overt act committed by one of the conspirators in furtherance of that agreement. *See Sneed*, 63 F.3d at 385. In addition, conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense. *See id.* Mail fraud itself requires proof that the defendant (1) devised a scheme to defraud, (2) had the specific intent to defraud, and (3) used the mails for the purpose of executing the scheme to defraud. *See United States v. Landerman*, 109 F.3d 1053, 1067 (5th Cir. 1997).

Having carefully reviewed the record in light of the parties' oral arguments, we find overwhelming evidence that McCollough and Dauzat engaged in both mail fraud and a conspiracy

4

to commit mail fraud.  There is no doubt that sufficient evidence existed for a rational trier of fact to find both defendants guilty.

**AFFIRMED.**